UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
JOE ANN HICKENBOTTOM and HENRIETTA P.
WILBORN,

                Plaintiffs,

      - v.-

WELLS FARGO BANK, NATIONAL
ASSOCIATION, et al.,

                Defendants.
------------------------------------

17-cv-4993 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

This is a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). The defendants --- Wells Fargo Bank, National Association, Wells Fargo Bank, National Association, as Trustee for Securitized Asset Backed Receivables LLC Trust 2005-FR2 Mortgage Pass-Through Certificates, Series 2005 FR2, Ocwen Loal Servicing, LLC, and Weissman PC --- contend they have not been served with process and appear specially for the sole purpose of this motion. The plaintiffs are two individuals. On July 3, 2017, the plaintiffs filed a complaint against the defendants in the Southern District of New York, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605. On August 23, 2017, the defendants filed a motion to transfer venue to the Northern District of Georgia. The plaintiffs did not oppose, or otherwise respond to, the defendants' motion.

# I.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."

In ruling on a motion to transfer, courts should consider both the interest of the litigants and the public interest. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); see also Ainbinder v. Potter, 282 F.Supp.2d 180, 191 (S.D.N.Y.2003). The interest of the litigants includes the plaintiffs' initial choice of forum, the convenience of the parties and the witnesses, the relative ease of access to sources of proof, the availability of compulsory process for the attendance of witnesses, the location of relevant documents and other tangible evidence, questions as to the enforceability of a judgment if one is obtained, and "all other practical problems that make trial of a case easy, expeditious and inexpensive." Gulf Oil, 330 U.S. at 508. The public interest includes administrative difficulties that follow from court congestion, an interest in having localized controversies decided at home, and the appropriateness of having the trial of an action in a forum that is at home with the state law that must govern the action. See id. at 508-09; Ainbinder, 282 F.Supp.2d at 191; see also, Essex Crane Rental Corp. v. Vic Kirsch Constr. Co., 486

2

F.Supp. 529, 536 (S.D.N.Y.1980) (Haight, J.). The moving party bears the burden of establishing the propriety of a change of venue. Ainbinder, 282 F.Supp.2d at 191; Essex Crane Rental Corp., 486 F.Supp. at 536.

## II.

### A.

First, the defendants have met their burden of showing that this case "might have been brought" in the Northern District of Georgia. See 28 U.S.C. § 1404(a). Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b)(2).

Here, the undisputed record indicates that virtually all of the events giving rise to the claim occurred, and that the property implicated by the action is located, in the Northern District of Georgia. The complaint alleges the defendants attempted to collect a debt from the plaintiffs that the plaintiffs do not owe. See Compl. at ¶ 53. The defendants submit a security deed purportedly signed by one of the plaintiffs, relating to a residential property located in the Northern District of Georgia. See Decl. of Shane M. Biffar (Dkt. No. 19), Ex. 1. The attempts to collect the debt secured by this residence, and the subsequent attempt to foreclose on the

3

property, purportedly underlie this action and occurred in Georgia. See Defs.' Mem. of Law at 1-2; Decl. of Ned Blumenthal, Exs. A and B. (Dkt. No. 20). Thus, this action could have been brought in the Northern District of Georgia.

### B.

Next, the defendants have demonstrated that, balancing the interests of the litigants and the public, the interest of justice requires a transfer to Georgia. While the Court gives weight to the plaintiffs' choice of forum, see Gulf Oil, 330 U.S. at 508, the other relevant factors all weigh in favor of transfer to Georgia. The plaintiffs reside in Georgia, see Dkt. No. 19, Exs. 2-3. The property at issue is located in Georgia. Id., Ex. 1. The operative facts, including the defendants' attempts to collect the debt and to foreclose on the property at issue, occurred in Georgia. See id.; Dkt. No. 20, Exs. A and B. The security deed at issue is governed by Georgia law. See id.; Gulf Oil, 330 U.S. at 508-09.

Therefore, given the many factors supporting transfer, the defendant's motion to transfer venue to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a) is granted.

### CONCLUSION

The defendants' motion to transfer venue to the Northern District of Georgia is **granted**. The Clerk of Court is directed

4

to transfer this case to the Northern District of Georgia and close the case on the docket of this Court.

**SO ORDERED.**

**Dated:** New York, New York
September 14, 2017

_____
John G. Koeltl
**United States District Judge**